IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Crim. No. 08-29 |
| | ) | |
| | ) | |
| | ) | |
| HAROLD T. WOLFORD | ) | |

## OPINION

Presently before the Court is Defendant Harold T. Wolford's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582(c) for a reduction of sentence. ECF No. 144. The government has filed a response to the motion. ECF No. 149. Mr. Wolford then filed a Reply to the government's response, and his appointed counsel also filed a Reply. ECF Nos. 150 & 152. For the reasons that follow we will grant Mr. Wolford's motion in part.

### I. Background

On January 24, 2008, Mr. Wolford was charged in a two-count federal indictment with possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). On January 6, 2011, Mr. Wolford pleaded guilty to both counts pursuant to a written plea agreement. As part of the plea agreement Mr. Wolford agreed to waive certain appellate rights as well the "right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." Plea Agr. ¶ A.10. The parties also specified that the amount of crack cocaine attributable to Mr. Wolford was 23.48 grams.

Plea Agr. ¶ C.2. Accordingly, pursuant to the Sentencing Guidelines, Mr. Wolford's offense level was determined to be 22.

With a criminal history category of III, Mr. Wolford's advisory guideline range was calculated as 51 to 63 months' imprisonment. The statutory mandatory minimum penalty for the crack cocaine offense at Count 1 was 60 months' imprisonment. Thus, Mr. Wolford's advisory guideline range had to be adjusted to account for the statutory minimum sentence, making his advisory guideline range for the crack cocaine offense to be 60 to 63 months' imprisonment. The penalty for the possession of a firearm in furtherance of a drug trafficking crime at Count 2 was 60 months' imprisonment, which was required to be imposed consecutive to any term of imprisonment imposed on the drug charge. Therefore, Mr. Wolford's advisory guideline range was determined to be 120 to 123 months' imprisonment.

On March 29, 2011, we sentenced Mr. Wolford to a term of imprisonment of 120 months, consisting of 60 months at Count 1 and a consecutive sentence of 60 months at Count 2.

## II. Discussion

On August 3, 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity between crack cocaine and powder cocaine by reducing the statutory penalties for crack cocaine. Thereafter, the United States Sentencing Commission adopted Amendment 750 to account for the changes in the Fair Sentencing Act and revised the crack cocaine guidelines commensurate with the reductions in the statute. Relevant to this case, the Fair Sentencing Act reduced the amount of crack cocaine needed to trigger the five- and ten-year statutory mandatory minimum penalties. On June 30, 2011, the Sentencing Commission Adopted Amendment 759, making the changes in Amendment 750 retroactive to offenders who are serving terms of imprisonment.

Prior to the Fair Sentencing Act a statutorily mandated 5-year sentence of imprisonment was triggered if the offense involved 5 grams or more of crack cocaine (but less than 50 grams). This statute was applied to Mr. Wolford, which is why the low end of his guideline range of imprisonment was 60 months instead of 51.

The Fair Sentencing Act increased the amount of crack cocaine necessary to trigger the 5-year statutory minimum from 5 grams to 28 grams. Thus, after the Fair Sentencing Act, a defendant in Mr. Wolford's position, who possessed 23.48 grams of crack cocaine, would not be subject to a five-year mandatory minimum.

### *The Fair Sentencing Act as applied at Mr. Wolford's Sentencing*

Mr. Wolford's offense occurred before enactment of the Fair Sentencing Act, but his sentencing took place after the enactment of the Act. The Probation Office applied the pre-Fair Sentencing Act five-year statutory mandatory minimum when calculating Mr. Wolford's advisory guideline range. Accordingly, Mr. Wolford's counsel filed an objection arguing that since his case was pending when the Act was enacted, it applied to his case and he should not be subject to the 60-month statutory minimum. Defense counsel further argued that if the Court agreed that the statutory mandatory minimum did not apply, the Court should grant Mr. Wolford's motion for departure from the applicable guideline range. Finally, defense counsel also request that we vary from the guidelines range.

The issue of whether the Fair Sentencing Act applied to defendants in Mr. Wolford's position was an open question at the time of his sentence with some courts holding that it did apply and other courts holding that it did not apply. At sentencing on March 29, 2011, we held that the Fair Sentencing Act did not apply to Mr. Wolford. Based on this ruling, we denied as moot Mr. Wolford's motion for a downward departure since we were bound by the statutory

minimum. We also stated that had the Act been applicable we still would have denied the motion. We did not formally rule on the request for variance. Therefore, we sentenced Mr. Wolford to a total term of imprisonment of 120 months, consisting of the statutory mandatory minimum sentence of 60 months for the crack cocaine offense, followed by a consecutive 60-month sentence for the firearm offense.

### *Supreme Court decision on the Fair Sentencing Act's Application*

This Court's ruling that the Fair Sentencing Act did not apply to defendants such as Mr. Wolford was repudiated first, by the United States Court of Appeals for the Third Circuit in United States v. Dixon, 648 F.3d 195 (3rd Cir. 2011), and then by the United State Supreme Court in Dorsey v. United States, 132 S. Ct. 2321 (2012), both of which held that the more lenient penalties of the Fair Sentencing Act applied to offenders whose crimes preceded the effective date of the Act, but who were sentenced after that date. Thus, as a result of our ruling that the Fair Sentencing Act did not apply to Mr. Wolford, when in fact it did, Mr. Wolford was subject to a greater advisory guideline range than he should have been.

### *Mr. Wolford's Motion for Reduction of Sentence*

On September 28, 2012, Mr. Wolford filed a *pro se* Motion for Modification of Judgment and Sentence pursuant to 18 U.S.C. § 3582(c)(2), in which he asked this Court to apply the Fair Sentencing Act's more lenient punishments to his case.

Section 3582(c) provides in relevant part as follows:

> **(c) Modification of an imposed term of imprisonment.**– The court may not modify a term of imprisonment once it has been imposed except that– . . .
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)

4

> to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The "applicable policy statement" relevant here is § 1B1.10, which, among other things, excludes a court from retroactively reducing a defendant's sentence if the amendment (here, Amendment 750) "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a).

Mr. Wolford argues that he is eligible for a reduction in sentence based on Amendment 750, as construed by Dorsey. On October 4, 2012, we ordered the government to respond to Mr. Wolford's motion no later than November 1, 2012. Our order stated, in part, "We will order the government to respond to this motion in light of the Supreme Court's decision in Dorsey v. United States, 132 S.Ct. 2321 (2012) (more lenient penalties of the Fair Sentencing Act applied to offenders whose crimes preceded the effective date of the Act, but who were sentenced after that date) and United States v. Dixon, 648 F.3d 195 (3rd Cir. 2011) (same)." ECF No. 145.

The government failed to respond or request additional time to respond by November 1, 2012. Therefore, on December 20, 2012 we again ordered the government to respond to Mr. Wolford's motion, this time explicitly stating the issue that concerned the Court: "It appears to the Court that Defendant is entitled to relief in light of the Supreme Court's decision in Dorsey v. United States, 132 S.Ct. 2321 (2012), which held that more lenient penalties of the Fair Sentencing Act applied to offenders whose crimes preceded the effective date of the Act, but who were sentenced after that date. See also United States v. Dixon, 648 F.3d 195 (3rd Cir. 2011) (same)." ECF No. 148.

The government then filed a timely response opposing Defendant's motion. The government argues that because the statutory mandatory penalty was not a guideline provision it is not affected by 3582(c) and the Defendant must seek relief through a 2255 petition. Next, the

5

government argues that Mr. Wolford waived his right to file a 3582(c) motion. If he has not waived his right to seek relief under 3582(c), then the government argues that his motion must be denied because his calculated guideline range was not lowered and he is therefore not eligible for a 3582(c) reduction. Finally, the government argues that even if 3582(c) applied and the Court could resentence Defendant it should decline to do so because the Defendant received significant concessions by the government and the Court stated that it would have denied a motion to depart if the court had found that the Fair Sentencing Act did apply.

**A. Waiver**

As for the argument that Mr. Wolford waived his right to file a section 3582(c) motion, we refer the government to our opinion in United States v. Penn, 2012 WL 3017865 (W.D.Pa. July 23, 2012) (specifically pages 6 through 8 of the Opinion filed as ECF No. 60, at Cr. No 08-224). The government is well aware of our opinion as it cited it in its brief, and of course it was a party to that case. However, the government failed to set forth an argument as to why we should now abrogate our holding in Penn considering both cases involved identical waiver language. We reach the same conclusion here as we did in Penn: The government did not secure a waiver of Mr. Wolford's statutory right to seek a sentence reduction under § 3582(c)(2) when negotiating the Plea Agreement. *See, e.g.,* United States v. Monroe, 580 F.3d 552 (7th Cir. 2009) and United States v. Chavez-Salais, 337 F.3d 1170 (10th Cir. 2003); *see also* Freeman v. United States, 131 S.Ct. 2685, 2699 (2011) ("Nothing prevents the Government from negotiating with a defendant to secure a waiver of his statutory right to seek sentence reduction under § 3582(c)(2), just as it often does with respect to a defendant's rights to appeal and collaterally attack the conviction and sentence.") (Sotomayer, J., concurring). Thus, Mr. Wolford did not waive his right to seek a reduction of sentence pursuant to 18 U.S.C. § 3582(c)'s motion.

## B. Section 3582(c) Motion

The sentence range actually applied in March 2011 for the crack cocaine offense was 60 to 63 months. The sentence range if retroactively calculated is 51 to 63 months. Thus, the sentencing range Mr. Wolford would face upon a retroactive application is a lower range.

The government first argues that because the 60-month statutory minimum was applicable at sentencing Mr. Wolford is not entitled to section 3582(c) relief. The government seems to be making the argument that because the 60-month statutory minimum was applied at sentencing the guideline range cannot be lowered, and no 3582(c) relief is available. The implication here is that because the 60-month minimum applied at sentencing that cannot be changed under a 3582(c) motion. The government thus suggests that Mr. Wolford seek relief through a 2255 petition.

It also appears that the government may be arguing that the calculated guideline range has not changed therefore foreclosing 3582(c) relief. The guideline range calculated for Mr. Wolford's March 2011 sentence was based on an offense level of 22 and a criminal history category of III. The guideline range if retroactively calculated would also be based on an offense level of 22 and a criminal history category of III. Since the guideline range, with no statutory minimum applied, would remain 51 to 63 months under a retroactive calculation the government argues that Mr. Wolford's applicable guideline range is not lowered and he is thus not eligible for 3582(c) relief.

As noted, however, Mr. Wolford's guideline range would be lower if correctly determined retroactively. We understand that the government is probably arguing that section 3582(c) is not applicable in this case because the recalculated lowered range is not the result of a guideline

7

amendment but is a result of this Court's error in failing to apply the Fair Sentencing Act at sentencing pursuant to the Supreme Court's Dorsey decision.

Counsel for Mr. Wolford directly addresses this contention. Mr. Wolford argues he is eligible for 3582(c) relief pursuant to Amendment 750 as construed in light of the Dorsey decision. As noted, Mr. Wolford's guidelines range was 51 to 63 months, however, Mr. Wolford points out that the court adjusted the range to 60 to 63 months by operation of the law in existence at the time. On June 21, 2012, the Supreme Court issued its opinion in Dorsey in which it held that that more lenient penalties of the Fair Sentencing Act applied to defendants like Mr. Wolford whose crimes preceded the effective date of the Act, but who were sentenced after that date. Mr. Wolford states that the effect of applying the Fair Sentencing Act to his case results in the elimination of the five-year statutory mandatory minimum penalty. Based on the above premises Mr. Wolford concludes that Amendment 750, construed in light of Dorsey, results in a lower sentencing range of 51 to 63 months with the elimination of the pre-Fair Sentencing Act's mandatory minimum of 60 months and therefore authorizes this Court to reduce his sentence. We agree and will grant his motion.

### C. The Appropriate Sentence

Mr. Wolford seeks a reduction in his original sentence to at least the low end of the sentencing range of 51 months, and in addition he requests that we vary from this range and impose a sentence lower than 51 months. Mr. Wolford argues that because we did not rule on his request for a variance at sentence we should do so now on resentencing.

We do not believe we are authorized to vary from the reduced sentencing range in this case. See U.S.S.G. § 1B1.10; U.S.S.G. § 1B1.10, comment. (n.1(a)); see also United States v. Hilliard, 2012 WL 425968 (W.D.Pa. Feb. 9, 2012); United States v. Flemming, 2012 WL 33019

(E.D.Pa. Jan 5, 2012). We further note that we did take Mr. Wolford's request for variance into consideration as part of our review of all materials submitted prior to sentencing, as well as the arguments of counsel offered at sentencing, addressing the section 3553(a) factors.

Had we ruled at sentencing that the Fair Sentencing Act did apply (and thus there was no 60-month minimum penalty) the applicable guideline range would have been 51 to 63 months. We stated at sentencing that we would have denied Mr. Wolford's motion to depart had we not been bound by the statutory mandatory minimum: that is, we would not have sentenced Mr. Wolford to a term of imprisonment below the minimum of the 51 to 63 month range. Thus, although we did not formally rule on Mr. Wolford's request for a variance because of the statutory mandatory minimum, we would have denied his request as we had determined that we would not have sentenced Mr. Wolford to a term of imprisonment below 51 months.

The government argues that even if we have the authority to reduce Mr. Wolford's sentence we should decline to do so. The government first asserts that it made "significant concessions" in arriving at the plea agreement and therefore the court should not resentence Mr. Wolford. We are uncertain what the government's argument here is in light of the fact that had we correctly applied the Fair Sentencing Act at the time of sentencing, as the Supreme Court has explained we should have, then Mr. Wolford would have faced 51 months at the low end of his range despite the government's "significant concessions."

Next, the government argues against granting a reduction in sentence because "[a]fter considering all of the sentencing factors, the Court stated that even if the Fair Sentencing Act worked to lower the mini[m]um mandatory applicable to Mr. Wolford, the court would have denied a departure **from the 60 months originally given to the defendant**." Gov. Resp. 14 (emphasis added).

9

The government either misunderstands or misstates what occurred at sentencing. We never stated that had the Fair Sentencing Act applied and Mr. Wolford faced a range of 51 to 63 months that we still would have imposed a sentence of 60 months. The motion to depart was moot in light of the fact that we found the statutory minimum applied, so that even if we "granted" the motion we still could not depart below the mandated 60 months. If in fact the motion to depart was not moot, we would have denied the motion to depart *below* the applicable range of 51 to 63 months.

In any event, at the time of sentencing we did not apply the Fair Sentencing Act as we should have. Thus, we fail to see how Mr. Wolford is gaining any extra benefit simply by now applying Amendment 750 construed in light of Dorsey as intended. Therefore, we cannot agree with the government that by reducing Mr. Wolford's sentence we will be handing Mr. Wolford an undeserved benefit. We will grant Mr. Wolford's motion for reduction of sentence and reduce his previously imposed sentence of 60 months at Count 1 to 51 months. This results in an overall reduction from his previously imposed sentence of 120 months to 111 months, with the addition of the consecutive sentence for the firearm.

### D. Alternative Arguments

The parties suggest two alternate routes if relief under 18 U.S.C § 3582(c)(2) were not appropriate. The government suggests that the proper avenue for relief for Mr. Wolford is through a 2255 petition. Mr. Wolford's counsel argues that we are also empowered to grant relief to Mr. Wolford pursuant to 18 U.S.C. § 3582(c)(1)(B).

#### 1. 2255 Petition

Had Mr. Wolford filed a 2255 petition it is likely that the government would have argued that not only had had Mr. Wolford waived his right to file a 2255, but also that any 2255 petition

would have been untimely as it would have been filed more than a year after his conviction became final.

Given that the Supreme Court's decision in Dorsey was issued on June 21, 2012, and assuming that Mr. Wolford's 2255 petition was filed on September 28, 2012, we likely would have found the petition timely. The likely outcome of such a petition would have been that we would have found that enforcement of the waiver would result in a miscarriage of justice in light of the fact that it was this Court's clear error that caused the injustice.

### 2. Relief under 18 U.S.C. § 3582(c)(1)(B)

It also appears, although it is not certain, that we would be empowered to reduce Mr. Wolford's sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) in this case. This section provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The statute here being the Fair Sentencing Act, which we would agree, combined with all the circumstances in this case, provides an extraordinary and compelling reason to reduce Mr. Wolford's sentence.

### III.   Conclusion

In this case the government repeated its waiver argument made in a prior case without acknowledging or addressing the reasoning and case law we set forth in the Penn decision in deciding against the government. In addition, the government here argued against a reduction, in part, based on our statements at sentencing regarding Mr. Wolford's motion to depart in which the government either failed to properly review, or else misunderstood, the record at sentencing. Finally, it is difficult to comprehend that the government failed to mention, much less address, the Dorsey and Dixon decisions: the two cases the government was twice told the Court was considering. It is because of these cases that there was even an issue to begin with.

At the time we decided that the Fair Sentencing Act did not apply to Mr. Wolford, the current state of the law was as follows:

> [A] large number of courts [that] have considered whether Congress intended the Act to apply retroactively to offenders who committed crimes prior to FSA's enactment, but have not yet been sentenced. Overwhelmingly, these courts have concluded the necessary implication of the FSA is that Congress intended the Act to apply retroactively.

United States v. Robinson, 2011 WL 379536, *4 (E.D. Tn. Feb. 4, 2011) (citing cases). The Robinson opinion continued, explaining that it was "aware of only five district court opinions reaching an opposite conclusion, two of which were penned by the same judge." Id. at n.5 (citing cases).

As indicated by the Dorsey opinion, the overwhelming majority of district courts who applied the Act were correct. This court was in the minority and we are now able to correct the error made at sentencing. Accordingly, we will grant Mr. Wolford's motion.

## ORDER

AND NOW, to-wit, this ____5th____ day of __Aug__, 2012, in accordance with the above, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582(c) (ECF No. 144) be and hereby is GRANTED.

An appropriate "Order Regarding Motion for Sentence Reduction" will be entered reducing Defendant's sentence of 120 months' imprisonment to 111 months' imprisonment.

Maurice B. Cohill, Jr.
Senior United States District Judge